NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THE BANK OF NEW YORK MELLON, : CIVIL ACTION NO. 15-724 (MLC)
:
: **MEMORANDUM OPINION**
Plaintiff, :
:
v. :
:
PETER WALCH, et al., :
:
Defendants. :
_____ :

**COOPER, District Judge**

Plaintiff Bank of New York Mellon filed this foreclosure action in New Jersey Superior Court, Monmouth County, alleging that Defendants Peter Walch and Patricia Walch[1] had defaulted on their mortgage loan by failing to make their required mortgage payments. (Dkt. 1-1.)[2] Defendants removed the matter to the United States District Court for the District of New Jersey. (Dkt. 1.)

Plaintiff has moved for summary judgment against Defendants, moved to strike Defendants' Answer and Affirmative Defenses, moved to enter default against Defendants, and moved to remand the matter to New Jersey Superior Court to proceed as an uncontested foreclosure action, or alternatively, to allow the matter to proceed as an uncontested action

---

[1] Bank of America, N.A. is also a named defendant in this matter, but these motions are directed solely at Peter Walch and Patricia Walch. When using "Defendants," we refer only to Peter Walch and Patricia Walch, and not to Bank of America.

[2] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by the designation of "dkt." Pincites reference ECF pagination.

before this Court. (Dkt. 20.) Plaintiff filed a brief in support of its motions. (Dkt. 20-1.) Defendants filed a brief in opposition to the motions. (Dkt. 22.) Plaintiff filed a reply brief. (Dkt. 23.)

We have considered all these filings, and will resolve the matter without oral argument. See L.Civ.R. 78.1(b).

For the following reasons, we will grant Plaintiff's motion for summary judgment, and we will deny Plaintiff's other motions.

## BACKGROUND

Defendants Peter Walch and Patricia Walch ("Defendants") purchased property located at 20 Corso Reale, Morganville, New Jersey ("the Property") on May 18, 2006. (Dkt. 20-2 at 1; dkt. 20-3 at 2–3; dkt. 20-4 at 21–27, 29–45.) On the same day, Defendants executed a promissory note ("the Note") and agreed to repay a loan from Countrywide Bank, N.A. in the amount of $1,470,000.000. (Dkt. 20-2 at 1; dkt. 20-3 at 2; dkt. 20-4 at 21–27.) Defendants also executed a mortgage ("the Mortgage") that secured the Note with the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as Nominee for Countrywide Bank. (Dkt. 20-2 at 2; dkt. 20-3 at 3; dkt. 20-4 at 29–45.) The Mortgage was recorded with the Monmouth County Clerk's Office. (Dkt. 20-2 at 2; dkt. 20-3 at 3; dkt. 20-4 at 29.)

The Note contains a section pertaining to the borrower's failure to pay as required:

> **(A)   Late Charges for Overdue Payments**
> If the Note Holder has not received the full amount of any Minimum Payment by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of the Minimum Payment.

2

> I will pay this late charge promptly but only once on each late payment.
>
> **(B)  Default**
> If I do not pay the full amount of each Minimum Payment on the date it is due, I will be in default.
>
> **(C)  Notice of Default**
> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the Minimum Payment by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe. The date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.
>
> **(D)  No Waiver by Note Holder**
> Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
>
> **(E)  Payment of Note Holder's Costs and Expenses**
> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses included, for example, reasonable attorneys' fees.

(Dkt. 20-4 at 24.)

In an Assignment of Mortgage dated June 13, 2011 ("the Assignment"), MERS assigned the mortgage to Plaintiff The Bank of New York Mellon f/k/a the Bank of New York, as Successor Trustee to J.P. Morgan Chase Bank, N.A., as Trustee for the Holders of SAMI II Trust 2006-AR6, Mortgage Pass-Through Certificates, Series 2006-AR6 ("Plaintiff"). (Dkt. 20-2 at 2; dkt. 20-3 at 4; dkt. 20-4 at 90–92.) The Assignment was recorded with the Monmouth County Clerk's Office. (Dkt. 20-2 at 2; dkt. 20-3 at 4; dkt. 20-4 at 90.)

A corrective assignment of mortgage ("the Corrective Assignment") was issued on July 9, 2012 to correct a scrivener's error in the original Assignment. (Dkt. 20-2 at 2; dkt. 20-3 at 4; dkt. 20-4 at 94–95.) The Corrective Assignment was recorded with the Monmouth County Clerk's Office. (Dkt. 20-2 at 2; dkt. 20-3 at 4; dkt. 20-4 at 95.)

Defendants failed to make the mortgage payment on July 1, 2010 and defaulted under the terms of the mortgage loan. (Dkt. 20-2 at 2; dkt. 20-3 at 3; dkt. 20-4 at 24, 97.) Defendants have not subsequently made a payment or otherwise cured the default. (Dkt. 20-2 at 2–3; dkt. 20-3 at 3; dkt. 20-4 at 57–88.)

Plaintiff, pursuant to the terms of the Note, elected to call due the entire amount of the principal on the loan. (Dkt. 20-2 at 3; dkt. 20-3 at 3; dkt. 20-4 at 57–88.) On June 19, 2014, Plaintiff, through its agent Nationstar Mortgage LLC, individually sent each Defendant a notice of intent to foreclose upon the Property. (Dkt. 20-2 at 3; dkt. 20-3 at 3; dkt. 20-4 at 59–60, 75–76.) As of September 9, 2016, the unpaid principal balance, including interest from July 1, 2010, was $1,627,897.33. (Dkt. 20-3 at 5; dkt. 20-4 at 97.)

Plaintiff filed a foreclosure action in the Superior Court of New Jersey, Chancery Division, Monmouth County on January 22, 2015, naming Peter Walch, Patricia Walch, and Bank of America, N.A. as defendants. (Dkt. 1-1.) On February 2, 2015, Defendants Peter Walch and Patricia Walch filed a Notice of Removal to the United States District Court for the District of New Jersey, 28 U.S.C. § 1441, on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). (Dkt. 1.)

Plaintiff moved for summary judgment[3]; to strike the Answer and Affirmative Defenses filed by Defendants; to enter default against all defendants; and to remand this matter to the Superior Court of New Jersey, Monmouth County to be referred to the Office of Foreclosure to proceed as an uncontested matter, or, alternatively, to allow this matter to proceed as uncontested in this Court. (Dkt. 20.)

## DISCUSSION

### I. Motion for Summary Judgment

#### A. Parties' Arguments

Plaintiff argues that summary judgment is proper because there is no genuine issue of material fact that they have made a prima facie case demonstrating their right to foreclose under New Jersey law. (Dkt. 20-1 at 10–12.) Plaintiff further argues that Defendants are unable to rebut this presumption of prima facie entitlement to summary judgment because their affirmative defenses do not create any disputed issues of material fact. (Id. at 12–20.) Plaintiff contends that it has standing to foreclose on the Property. (Id. at 13–16; dkt. 23 at 3–5.)

Defendants contend that Plaintiff is not entitled to summary judgment. Defendants argue that the evidence that Plaintiff relies upon is inadmissible, and thus cannot support an entry of summary judgment. (Dkt. 22 at 9–10.) They also dispute that Plaintiff has the right to foreclose because, according to them, Plaintiff does not own or control the Note. (Id. at 2–

---

[3] This is a renewed motion for summary judgment. Plaintiff previously filed a motion for summary judgment (dkt. 11), and we terminated that motion and granted leave for Plaintiff to file the motion anew (dkts. 16, 19).

5

4.) Defendants further contend that the Assignment of the Mortgage to Plaintiff was invalid, and that they have standing to challenge that assignment. (Id. at 4–9.)

### B. Legal Standard

#### 1. Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-movant must then present evidence that raises a genuine dispute of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011) (internal citation and quotation omitted). This evidence may include "citing to particular parts of materials in the record" or a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

#### 2. Foreclosure

"The purpose of a foreclosure action is to determine the right to foreclosure and the amount due on the mortgage, and to give the purchaser at the foreclosure sale the title and estate acquired by the mortgagee, as well as the estate of the mortgagor at the time the mortgage was executed, free from subsequent encumbrances." Central Penn Nat'l Bank v. Stonebridge, Ltd., 448 A.2d 498, 504 (N.J. Super. Ct. Ch. Div. 1982) (citations omitted).

When a foreclosure action is initiated, we generally apply the laws of the state where the property is located. See Business Loan Ctr., L.L.C. v. Nischal, 331 F. Supp. 2d 301, 305–06 (D.N.J. 2004) (applying New Jersey law when the property was located in New Jersey); see also Ioselev v. Schilling, No. 09-6039, 2010 U.S. Dist. LEXIS 44425, at *10 (D.N.J. May 4, 2010) (applying Florida law because the property was located in Florida). The parties do not dispute that this matter is governed by New Jersey law because the property at issue is located in New Jersey.

"A mortgagee establishes a prima facie right to foreclosure when there is proof of execution, recording, and non-payment of the mortgage." Wells Fargo Bank, N.A. v. Bertea, No. 13-7232, 2016 U.S. Dist. LEXIS 40191, at *7 (D.N.J. Mar. 28, 2016) (citing Thorpe v. Floremoore Corp., 89 A.2d 275, 276 (N.J. Super. Ct. App. Div. 1952)). The "essential elements" necessary for a foreclosure judgment to be granted in New Jersey are "the validity of the note and mortgage; the alleged default; and the Bank's right to foreclose." Thomas v. Jersey Mortg. Co., No. 13-648, 2016 U.S. Dist. LEXIS 121624, at *19 (D.N.J. Sept. 8, 2016) (citing Great Falls Bank v. Pardo, 622 A.2d 1353, 1356 (N.J. Super. Ct. Ch. Div. 1993), aff'd o.b., 642 A.2d 1037, 1039 (N.J. Super. Ct. App. Div. 1994)); see also Bertea, 2016 U.S. Dist. LEXIS 40191, at *7 (noting these three elements are the "only material issues" in a foreclosure proceeding). A bank's right to foreclose includes its standing by assignment. Siljee v. Atl. Stewardship Bank, No. 15-1762, 2016 U.S. Dist. LEXIS 63257, at *10–11 (D.N.J. May 12, 2016); Fraize v. Ginnie Mae, No. 14-7152, 2016 U.S. Dist. LEXIS 32489, at *12 (D.N.J. Mar. 14, 2016). A mortgagor opposing summary judgment in a foreclosure proceeding "has a duty to present facts to controvert a mortgagee's prima facie case." Bertea,

2016 U.S. Dist. LEXIS 40191, at *7 (citing Spiotta v. William H. Wilson, Inc., 179 A.2d 49, 54 (N.J. Super. Ct. App. Div. 1962), certif. denied, 181 A.2d 12 (N.J. 1962)).

C. Analysis

Federal Rule of Civil Procedure 56(c)(2) requires evidence considered at the summary judgment stage to be admissible at trial. At the outset, Defendants argue that Plaintiff relies on inadmissible evidence to demonstrate its right to foreclose. (Dkt. 22 at 9–10.) Defendants object to consideration of certain documents, claiming that that they would be inadmissible at trial because there would no employee with personal knowledge available to authenticate them. (Id. at 10.)

Evidentiary objections must be specifically made. Fed. R. Evid. 103(a)(1)(B). Although Defendants do not cite a legal basis for their objection, we assume that their argument rests in Federal Rule of Evidence 901. Rule 901(a) requires that evidence be properly authenticated or identified. We reject Defendant's argument that the various mortgage documents cannot be authenticated. Rule 902 contains a list of evidence that "require no extrinsic evidence of authenticity in order to be admitted." We find that the Mortgage, the Assignment of Mortgage, and Corrective Assignment of Mortgage are self-authenticating documents. See Fed. R. Evid. 902(4) ("Certified Copies of Public Records"); Fed. R. Evid. 902(9) ("Commercial Paper and Related Documents").

We will next address Plaintiff's prima facie case for its right to foreclosure, and then we will turn to Defendants' affirmative defenses.

Defendant does not challenge the first two elements of foreclosure—the validity of the Note and Mortgage and that Defendants are in default. There is no factual dispute that these

elements are met. The Note and Mortgage are valid. Defendants executed and delivered the Note to Countrywide Bank in the amount of $1,470,000 on May 18, 2006. (Dkt. 20-2 at 1; dkt. 20-3 at 2; dkt. 20-4 at 21–27.) Defendants granted the Mortgage to MERS against the Property in the same amount, and the Mortgage was properly recorded. (Dkt. 20-2 at 2; dkt. 20-3 at 3; dkt. 20-4 at 29–45.) Defendants defaulted by failing to make mortgage payments beginning on July 1, 2010 and have not cured the default. (Dkt. 20-2 at 2–3; dkt. 20-3 at 3.)

The only element challenged here is whether Plaintiff has a right to foreclose on the property. Defendants contest this right, as part of a challenge to Plaintiff's standing to foreclose. They argue that Plaintiff does not own or control the Note and thus cannot foreclose. (Dkt. 22 at 2–4.) Defendants further contend that Plaintiff could not have legally acquired mortgage loans after 2006. (Id. at 4–6.) Defendants also challenge the validity of the Assignment of Mortgage. (Id. at 7–9.)

We find that there is no genuine issue of material fact Plaintiff has standing and a right to foreclose on the Property.

"As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt." Deutsche Bank Nat'l Trust Co. v. Mitchell, 27 A.3d 1229, 1234–35 (N.J. Super. Ct. App. Div. 2011). "It is well established in New Jersey that either possession of the note or an assignment of the mortgage that predated the original complaint confers standing on a party." Grant-Covert v. Wells Fargo Bank, N.A., No. 15-6018, 2016 U.S. Dist. LEXIS 30233, at *6–7 (D.N.J. Mar. 9, 2016) (citing Deutsche Bank Trust Co. Americas v. Angeles, 53 A.3d 673, 675 (N.J. Super. Ct. App. Div. 2012)).

9

Defendants focus on 2006, but the relevant date for standing is the day that the Complaint was filed—January 22, 2015. See dkt. 1-1 at 1; Mitchell, 27 A.3d at 1234–35. There is no material dispute that Plaintiff had been assigned the Mortgage by that date. MERS assigned the Mortgage to Plaintiff in an Assignment of the Mortgage dated June 13, 2011. (Dkt. 20-2 at 2; dkt. 20-4 at 90–92.) Subsequently, a Corrective Assignment of Mortgage was issued July 9, 2012. (Dkt. 20-2 at 2; dkt. 20-4 at 94–95.) Both documents were properly recorded. (Dkt. 20-4 at 90–92, 94–95.)

To the extent that Defendants seek to challenge the validity of the Assignment of Mortgage, we agree with Plaintiff that they are unable to do so. Defendants are neither a party nor a third-party beneficiary of the Pooling and Service Agreement, and they therefore lack standing to challenge the Pooling and Service Agreement or the Assignment of Mortgage. See Kin Wong v. Wells Fargo Bank N.A., No. 14-5204, 2015 U.S. Dist. LEXIS 142518, at *5–6 (D.N.J. Oct. 20, 2015); Eun Ju Song v. Bank of Am., N.A., No. 14-3204, 2015 U.S. Dist. LEXIS 6204, at *6 (D.N.J. Jan. 20, 2015).[4]

Defendants also cite potential tax consequences for Plaintiff arising from its status as a Real Estate Mortgage Investment Conduit ("REMIC") as a reason that Plaintiff cannot foreclose. But those consequences are not relevant to the issues presented in this summary judgment motion. Whether or not Plaintiff will face tax consequences does not impact the underlying question of whether Plaintiff has a right to foreclose on the property.

---

[4] Because we find there is no factual dispute that Plaintiff was assigned the Mortgage prior to the filing of the Complaint, we need not alternatively address whether Plaintiff is in possession of the Note.

10

In their Answer, Defendants averred four additional affirmative defenses other than standing: (1) Plaintiff has failed to mitigate its damages, if any; (2) Plaintiff's claims are barred by the doctrine of estoppel; (3) Plaintiff's claims are barred by the doctrine of unclean hands; and (4) Plaintiff has failed to comply with the Fair Foreclosure Act of New Jersey, N.J.S.A. 2A:50-53, et seq. (Dkt. 2 at 2.) In their opposition brief, Defendants do not develop or argue any of these four affirmative defenses. Nor do Defendants ask for additional time to complete discovery to obtain any necessary facts to support their affirmative defenses. See Fed R. Civ. P. 56(d). Defendants have "a duty to present facts to controvert a mortgagee's prima facie case." Bertea, 2016 U.S. Dist. LEXIS 40191, at *7 (citing Spiotta, 179 A.2d at 54). We find that Defendants have not met their burden for any of these four affirmative defenses.

Defendants have not alleged any facts or presented any evidence in support of their affirmative defenses of mitigation, estoppel, and unclean hands in either their Answer, (dkt. 2), or their opposition to the motion for summary judgment, (dkt. 22). See United States Small Business Admin. v. Herbst, 2011 U.S. Dist. LEXIS 97059 at *14 & nn.3 & 4 (D.N.J. Aug. 24, 2011). We thus find no genuine issue of material facts that rebuts the Plaintiff's prima facie right to foreclosure. See Bertea, 2016 U.S. Dist. LEXIS 40191, at *7.[5]

We also conclude that Defendants have not demonstrated how Plaintiff has failed to comply with the Fair Foreclosure Act of New Jersey, nor how such a failure would negate

---

[5] Additionally, with respect to mitigation, a bank's alleged failure to mitigate its damage does not negate the bank's right to foreclose on the property, and is thus not a valid defense to liability. Wells Fargo Bank, N.A. v. CCC Atl., LLC, No. 12-521, 2013 U.S. Dist. LEXIS 167325, at *9 (D.N.J. Nov. 21, 2013) (noting that failure to mitigate defense fails as a matter of law).

11

Plaintiff's right to foreclosure. Defendants have alleged no facts—let alone evidence supporting those facts that would create a genuine issue of material fact.

For the foregoing reasons, we find that Plaintiff has met its prima facie burden of demonstrating a right of foreclosure and that none of the affirmative defenses put forth by Defendants controvert this. We therefore conclude that there are no genuine issues of material fact, and we will grant Plaintiff's motion for summary judgment.

## II. Motion to Strike Answer and Affirmative Defenses and Motion for Entry of Default

Plaintiff moves to strike Defendants' Answer and Affirmative Defenses. Plaintiff also moves to enter default against Defendants. We will deny both motions.

Plaintiff's motion to strike was untimely. Defendants' Answer was filed on February 2, 2015. (Dkt. 2.) Plaintiff filed its first motion to strike the Answer and the Affirmative Defenses on April 7, 2016. (Dkt. 11.) This was past time under Rule 12(f)(2), which allows a court to strike a defense "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Because we grant summary judgment in favor of Plaintiff, we also decline to strike Defendants' Answer and Affirmative Defenses on our own under Rule 12(f)(1). Motions to strike are a "drastic remedy" and are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." Tonka Corp. v. Rose Art Indus., 836 F. Supp. 200, 217 (D.N.J. 1993) (quotations omitted). "An affirmative defense can be stricken only if the defense asserted could not possibly prevent recovery under any pleaded or inferable set of

facts." Id. at 218 (quotation omitted). We have already adjudged that none of the affirmative defenses present a genuine issue of material fact, and we see no need to sua sponte strike the defenses at this point. Therefore, we will deny Plaintiff's motion to strike Defendants' Answer and Affirmative Defenses.

We will also deny Plaintiff's motion to enter default against Defendants. Rule 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). These requirements are not met here. Defendants have not failed to plead or otherwise defend. They have removed the matter to federal court (dkt. 1), filed an Answer (dkt. 2), and opposed the initial motion for summary judgment (dkt. 13) and this renewed motion for summary judgment (dkt. 22). Further, even if we had granted Plaintiff's motion to strike, Plaintiff cites no authority that striking an answer and affirmative defenses under Rule 12(f) is grounds for the entry of default.

### III. Motion for Remand to New Jersey Superior Court

Plaintiff moves to remand the matter to the Superior Court of New Jersey, Monmouth County to proceed as an uncontested matter before the Foreclosure Office. (Dkt. 20-1 at 20–21.) Alternatively, Plaintiff requests that this matter proceed as uncontested before this Court. (Id. at 21–22.)

Plaintiff bases its remand motion on its motions to strike and enter default being granted. As discussed, supra, we will deny Plaintiff's motion to strike and motion to enter

default. Thus, Plaintiff's foundation for remand is moot, and there are no grounds for us to remand the matter. Therefore, we will deny Plaintiff's motion to remand.[6]

Plaintiff alternatively asks us to allow the matter to "proceed as an uncontested foreclosure action such that a sale of the Property could ultimately be held by the United States Marshals Service." (Dkt. 20-1 at 21–22.) Plaintiff argues that this was the result reached by the court in Bertea. (Id. at 22.) Plaintiff also notes that if both of its proposed forms of relief were denied, then Plaintiff would be without any viable options to foreclose on the Property, thereby creating an undue windfall for Defendants who have lived in the Property since July 2010 without making any mortgage payments. (Id.) Defendants did not respond to this alternate argument in their opposition brief.

Because this matter is not uncontested, we must deny Plaintiff's requested relief. We cannot allow the matter to proceed uncontested as Defendants are still actively opposing Plaintiff's foreclosure action.

We also disagree with Plaintiff's reading of Bertea as allowing the bank to pursue the matter as an uncontested foreclosure action leading to a foreclosure sale by the Marshals Service. In Bertea, the bank's motion for summary judgment went unopposed by the defendants, who had "stopped participating in the case." Bertea, 2016 U.S. Dist. LEXIS 40191, at *3–4, *9–10. The court granted summary judgment to the bank, but denied the bank's motion to remand the matter to New Jersey state court to let the bank pursue the matter

---

[6] Even if we were to grant Plaintiff's motions to strike and enter default, we could not remand the matter for the reasons previously given. See dkt. 16 at 2–3. Additionally, absent Defendants Peter Walch and Patricia Walch, this Court would still nonetheless have jurisdiction given the diverse citizenship between Plaintiff and Defendant Bank of America, N.A., which remains a party to this action.

14

as an uncontested foreclosure. Id. at *8–9. Instead, the court ordered "that Plaintiff shall submit an appropriate form of foreclosure final judgment for the Court to consider." Id. at *10. The court order does not mention a potential foreclosure sale by the Marshals Service. See id. There is also no indication whether the bank would have sought to enforce such an order in federal court or in state court.[7] If Plaintiff wishes this Court to consider issuing a foreclosure final judgment order—as proposed in Bertea—then it may seek to do so, and Defendants shall have the opportunity to respond.

We deny Plaintiff's motion to remand the matter to state court. We also deny Plaintiff's alternative proposal to permit the matter to proceed uncontested before this Court. The parties remain free to move for any other relief that they may believe proper or necessary.[8]

## CONCLUSION

For the reasons stated above, we (1) grant Plaintiff's motion for summary judgment as to Defendants Peter Walch and Patricia Walch; (2) deny Plaintiff's motion to strike Defendants' Answer and Affirmative Defenses; (3) deny Plaintiff's motion to enter default against Defendants; and (4) deny Plaintiff's motion to remand the matter to the Superior Court of New Jersey, Monmouth County Office of Foreclosure to proceed as an uncontested matter, or, alternatively, to allow this matter to proceed as uncontested in this Court.

We will enter an appropriate order and judgment.

---

[7] It appears that the plaintiff has yet to file such a proposed order on the docket. See Docket, Wells Fargo Bank, N.A. v. Bertea, Case No. 13-cv-7232.

[8] If Plaintiff moves for a court-ordered foreclosure sale by the Marshals Service, then we advise Plaintiff to provide legal support for a federal court's authority to do so because, as discussed, we are not persuaded that Bertea granted such relief.

15

  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** May 3, 2017

